UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES HOWARTH,      )<br>    Plaintiff,            )<br>                         )<br>v.                          )<br>                         )<br>WOODS HOLE, MARTHA'S VINEYARD   )<br>and NANTUCKET STEAMSHIP AUTHORITY, )<br>    DefendantS.                      ) | Civil Action No.<br><br>COMPLAINT and DEMAND FOR<br>JURY TRIAL |

## **PARTIES**

1. The plaintiff, James Howarth, resides at 213 Highland Street, Holden, MA.

2. The defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter "The Steamship Authority") is/was at all relevant times a duly organized statutory regulatory body existing under the laws of Massachusetts for all ferry operations to and from Martha's Vineyard and Woods Hole and residing at 1 Cowdry Road, Woods Hole, County of Barnstable, MA.

3. At all times hereinafter referred to "The Steamship Authority" owned, operated and/or controlled the M/V Island Home.

## **JURISDICTION**

4. This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

## FACTUAL ALLEGATIONS

5. On or about September 24, 2017 James Howrth was employed by the defendant as a seaman and member of the crew of the M/V Island Home.

6. On September 24, 2017, while the M/V Island Home was in navigable waters and while the plaintiff was in the exercise of due care and in the performance of his duties, he sustained severe and painful personal injuries when he fell into an unguarded open manhole.

### COUNT ONE
*Jones Act - Negligence*

7. Paragraphs 1-6 are incorporated herein by reference.

8. The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the negligence of Defendant, The Steamship Authority, its agents, or servants or employees as follows:
    a. failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;
    b. failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;
    c. failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform his work;
    d. failure and negligence of fellow employees;

    e. failure of the captain, officers, crew, and/or agents of the defendant to provide seaworthy equipment; and

    f. failure and negligence in other respects that will be shown at the trial.

9. As a result of the said injuries, James Howarth has suffered great pain of body and anguish of mind, was prevented from performing his usual duties, incurred medical and hospital expenses, and has suffered and will suffer other damages that will be shown at trial.

10. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act. 46 U.S.C § 30104.

## REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

1. That this court enter judgment in his favor against the defendant.

    That this court enter such other and further relief as it deems appropriate.

## COUNT TWO
*General Maritime Law- Unseaworthiness*

11. Paragraphs 1-10 are adopted by reference.

12. The injuries sustained by James Howarth were caused by the unseaworthiness of the defendant's vessel, its appliances, appurtenances, and equipment.

13. As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, is expected to lose a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages that will be shown at trial.

14. This cause of action is brought under the General Maritime Law based upon unseaworthiness and is for the same cause of action as Count I.

REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

1. That this court enters judgment in his favor against the defendants.

2. That this court enters such other and further relief as it deems appropriate.

### COUNT THREE
*General Maritime Law- Maintenance and Cure*

15. Paragraphs 1-14 are adopted by reference.

16. As a result of his injuries, James Howarth has incurred expenses for his maintenance and cure and will continue to do so.

REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

1. That this court enters judgment in his favor against the defendants.

2. That this court enters such other and further relief as it deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

Respectfully submitted
By his attorney,


/s/ Christopher N. Hug, Esquire_____
Christopher N. Hug, B.B.O. No. 546960
Law Offices of Christopher Hug, PC
21 Merchants Row, Third Floor
Boston, MA 02109
(617) 227-0400
hug873@msn.com