UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 18-11062-TSH

**JAMES HOWARTH,**
    **Plaintiff,**

**VS.**

**WOODS HOLE, MARTHA'S VINEYARD &**
**NANTUCKET STEAMSHIP AUTHORITY,**
    **Defendant.**

**DEFENDANT, WOODS HOLE, MARTHA'S VINEYARD &  NANTUCKET STEAMSHIP AUTHORITY'S, ANSWER TO THE PLAINTIFF'S COMPLAINT**

Now comes the Defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority (hereinafter "the Steamship Authority"), in the above-captioned action, by and through its undersigned counsel, Clinton & Muzyka. P.C., and respectfully submits its Answer to the allegations contained in the Plaintiff's Complaint as follows:

PARTIES

1. The Steamship Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and, therefore, denies same.

2. The Steamship Authority admits the allegations contained in Paragraph No. 2.

3. The Steamship Authority admits the allegations contained in Paragraph No. 3.

JURISDICTION

4. The Steamship Authority admits the allegations contained in Paragraph No. 4.

## FACTUAL ALLEGATIONS

5. The Steamship Authority admits the allegations contained in Paragraph No. 5.

6. The Steamship Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 and, therefore, denies same.

## COUNT ONE

7. The Steamship Authority reiterates and reaffirms its answers to the allegations set forth in Paragraph No.s 1-6 inclusive and incorporates same as if fully set forth herein.

8. The Steamship Authority denies the allegations contained in Paragraph No. 8, including sub-paragraphs a-f inclusive.

9. The Steamship Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 and, therefore, denies same.

10. Paragraph No. 10 is an allegation of law requiring no answer, but to the extent that an answer is required, the Steamship Authority denies each and every allegation contained in Paragraph No. 10.

**WHEREFORE,** the Steamship Authority prays that this Honorable Court dismiss Count One with prejudice, together with an award of costs and attorneys' fees in favor of the Steamship Authority, and that this Honorable Court issue any such further relief to the Steamship Authority as it deems just and proper.

## COUNT TWO

11. The Steamship Authority reiterates and reaffirms its answers to the allegations set forth in Paragraph No.s 1-10 inclusive and incorporates same as if fully set forth herein.

12. The Steamship Authority denies the allegations contained in Paragraph No. 12.

13. The Steamship Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph No. 13 and, therefore, denies same.

14. Paragraph No. 14 is an allegation of law requiring no answer, but to the extent that an answer is required, the Steamship Authority denies each and every allegation contained in Paragraph No. 14.

**WHEREFORE,** the Steamship Authority prays that this Honorable Court dismiss Count Two with prejudice, together with an award of costs and attorneys' fees in favor of the Steamship Authority, and that this Honorable Court issue any such further relief to the Steamship Authority as it deems just and proper.

## COUNT THREE

15. The Steamship Authority reiterates and reaffirms its answers to the allegations set forth in Paragraph No.s 1-14 inclusive and incorporates same as if fully set forth herein.

16. The Steamship Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 and, therefore, denies same.

**WHEREFORE,** the Steamship Authority prays that this Honorable Court dismiss Count Three with prejudice, together with an award of costs and attorneys' fees in favor of the Steamship Authority, and that this Honorable Court issue any such further relief to the Steamship Authority as it deems just and proper.

## AFFIRMATIVE DEFENSES

Now comes Defendant, the Steamship Authority, and incorporates the following Affirmative Defenses into each Count of this Answer as more fully appears below:

### FIRST AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that all claims and defenses applicable to this action are governed by the General Maritime Law of the United States.

### SECOND AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the plaintiff has failed to state a cause of action upon which relief can be granted as alleged in Count Three.

### THIRD AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the plaintiff is not entitled to maintenance because it has been fully satisfied.

## FOURTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the plaintiff is not entitled to cure because it has been fully satisfied.

## FIFTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the plaintiff's treatment is for an ancillary medical condition which did not manifest itself while in the vessel's service and is therefore beyond the defendant's responsibility under maintenance and cure.

## SIXTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the plaintiff has reached maximum medical improvement for the condition which he sustained onboard the vessel and therefore is now beyond the defendant's responsibility for maintenance and cure.

## SEVENTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the plaintiff failed to identify his present condition and/or the conditions for which he is receiving treatment at the time of his pre-sign-on physical and therefore is barred from recovering maintenance and cure from the defendant.

## EIGHTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the conditions for which the plaintiff

is presently treating did not manifest themselves while the plaintiff was in the service of the vessel.

## NINTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

## TENTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff sustained injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendant is not legally responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of her activities reasonably to be required of an individual of the plaintiff's experience and knowledge and not due to any negligence or fault on the part of the defendant or any person or persons for whom the defendant may be legally responsible.

## TWELVTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the purported acts or omissions of defendant were not the proximate cause of plaintiff's alleged injuries, but said injuries,

if any, were the result of other intervening and superseding causes for which defendant is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 U.S.C., Appx. §30501 *et. seq*.

### FOURTEENTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant says that the plaintiff has failed to mitigate his damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant says that the plaintiff has not acted in good faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant says that the plaintiff's claims are barred by the applicable Statute of Limitations**.**

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant says that the plaintiff's claims are barred by estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant says that the plaintiff's claims are barred because the injury is alleged to have been caused by an open and obvious condition.

**NINETEENTH AFFIRMATIVE DEFENSE**

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant says that if liability is found in favor of the plaintiff, which is specifically denied, then the damages sustained must be reduced proportionately by the degree of negligence on the part of the plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant reserves the right to amend its Answer and to add additional defenses as discovery in this case unfolds.

**WHEREFORE,** the Steamship Authority prays that this Honorable Court dismiss Plaintiff's Complaint with prejudice, together with an award of costs and attorneys' fees in favor of the Steamship Authority, and that this Honorable Court issue any such further relief to the Steamship Authority as it deems just and proper.

The defendant claims TRIAL BY JURY on all issues so triable raised in Plaintiffs' Complaint, Defendant's Answer, and Affirmative Defenses contained herein with the exception of Limitation of Liability which is unique for the Court's determination.

    Woods Hole, Martha's Vineyard &
    Nantucket Steamship Authority,
    By its attorneys,
    **CLINTON & MUZYKA, P.C.**

    /s/ Thomas J. Muzyka
    **Thomas J. Muzyka**
    **BBO NO: 365540**
    **John J. Bromley**
    **BBO NO: 672134**
    88 Black Falcon Avenue, Suite 200
    Boston, MA 02210
    Tel#: (617) 723-9165
    Fax#: (617) 720-3489
    Email: tmuzyka@clinmuzyka.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 21, 2018**.**

    /s/ Thomas J. Muzyka
    Thomas J. Muzyka